UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. **2:25-cv-06279-MAA** | Date: **August 21, 2025** |
| Title **Salloum Makhamre v. Mountain View Centers, et al.** | |

Present: The Honorable MARIA A. AUDERO, United States Magistrate Judge

| Cindy Delgado | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):** Order Granting Motion to Remand and Denying Motion for Attorneys' Fees (ECF No. 6) and Remanding Case to Los Angeles Superior Court

On January 2, 2024, Plaintiff Salloum Makhamre, by and through his successor in interest, Basma Makhamre ("Plaintiff"), filed a complaint in Los Angeles Superior Court against Defendants Mountain View Centers, Smita T. Sanghvi, and Does 1 through 250 ("Complaint"). (Compl., ECF No. 1-1.) The Complaint asserts only two causes of action, both arising under the laws of the State of California: (1) Elder Abuse under California Welfare & Institutions Code section 15600 *et seq.* and (2) Negligence. (*Id.*) Nonetheless, a year and a half after the Complaint was filed, on July 7, 2025, Defendants Mountain View Centers and Smita T. Sanghvi ("Defendants") removed this case to this Court, solely on the basis of the Federal Arbitration Act ("Notice of Removal"). (NOR, ECF No. 1.) On July 10, 2025, the parties were notified of their deadline for declining consent to proceed before the assigned United States Magistrate Judge. (ECF No. 5.) No party declined to consent. (*See* ECF No. 7.)

On July 23, 2025, Plaintiff filed a motion seeking to remand this case to state court ("Motion to Remand") and requesting an award of attorneys' fees for the improper removal of the case ("Motion for Attorneys' Fees") (together, the "Motion"). (ECF No. 6.) The Motion is supported by the Declaration of Stephen M. Garcia ("Garcia Decl."). (ECF No. 6 at 9–30.) Defendants opposed the Motion on July 30, 2025 ("Opposition"). (Opp., ECF No. 9.) The Opposition is supported by the Declaration of Frank A. Weiser ("Weiser Declaration") and the Supplemental Declaration of Frank A. Weiser ("Weiser Supplemental Declaration"). (Weiser Decl., ECF No. 10; Weiser Supp. Decl., ECF No. 11.) Plaintiff filed a reply in support of the Motion ("Reply"). (Rep., ECF No. 12.) The Motion is fully briefed and appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA           JS-6

**CIVIL MINUTES – GENERAL**

Case No.   **2:25-cv-06279-MAA**                                         Date:  **August 21, 2025**

Title       **Salloum Makhamre v. Mountain View Centers, et al.**

## I.  MOTION TO REMAND

Defendants' sole basis for removal is the Federal Arbitration Act ("FAA"). (*See generally* NOR.)  In the circumstances presented here, the assertion that the FAA provides a basis for removal jurisdiction in this Court is utterly without merit.  As the Supreme Court has stated:

> The Federal Arbitration Act (FAA), 9 U.S.C. § 1 *et seq.*, authorizes a party to an arbitration agreement to seek several kinds of assistance from a federal court.  Under Section 4, for example, a party may ask the court to compel an arbitration proceeding, as the agreement contemplates.  And under Sections 9 and 10, a party may apply to the court to confirm, or alternatively to vacate, an arbitral award.
>
> Yet the federal courts, as we have often held, may or may not have jurisdiction to decide such a request.  The Act's authorization of a petition does not itself create jurisdiction.  *Rather, the federal court must have what we have called an "independent jurisdictional basis" to resolve the matte*r.

*Badgerow v. Walters*, 596 U.S. 1, 4 (2022) (emphasis added).  Setting aside the many other problems with Defendants' removal of this case,[1] Defendants have not pointed to any "independent jurisdictional basis" to support removal jurisdiction.

The FAA does include one provision that authorizes removal in certain very limited circumstances:  9 U.S.C. § 205 ("Section 205").  This section specifically allows for the removal to federal court of a case in which "the subject matter . . . relates to an arbitration agreement or award falling under the Convention [on the Recognition and Enforcement of Foreign Arbitral Awards]."  9 U.S.C. § 205.  The provision allows the removal only of cases "related to an international arbitration agreement or award."  *Cerner Middle E. Ltd. v. Belbadi Enters. LLC*, 939 F.3d 1009, 1011 (9th Cir. 2019).  As the instant case does not involve "an arbitration agreement or award" at all—let alone an international one—Section 205 clearly does not provide any basis for removal here.  *See id.* at 1016

---

[1] Like, for instance, the fact that the parties do not appear to have either an arbitration agreement or an arbitration award to enforce.  (*See* Garcia Decl. ¶¶ 7, 10.)  Or the fact that the basis for removal was "discovered" 18 months after the case was filed when counsel found some "statutes and cases"—most of which are more than 20 years old, and none of which was issued within the 30 days prior to the removal.  (*See* Weiser Decl. ¶ 8.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    JS-6

**CIVIL MINUTES – GENERAL**

Case No.   **2:25-cv-06279-MAA**                              Date:  **August 21, 2025**

Title       **Salloum Makhamre v. Mountain View Centers, et al.**

(reversing denial of motion to remand case to which international arbitration award involving possibly connected parties was not sufficiently "related").

Having pointed to no other possible source of federal subject matter jurisdiction, Defendants' removal of this case turns entirely on the question of whether the FAA provides such jurisdiction. It does not. *Badgerow*, 596 U.S. at 4; *see also Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009) (noting that the FAA "'bestow[s] no federal jurisdiction but rather requir[es] [for access to a federal forum] an independent jurisdictional basis' over the parties' dispute" (quoting *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581–82 (2008) (alterations in original)).

Since this Court lacks subject matter jurisdiction over this case, the case must be remanded to state court. 28 U.S.C. § 1447(c). The Court therefore GRANTS Plaintiff's Motion to Remand and REMANDS this case to the Los Angeles Superior Court.

## II.   MOTION FOR ATTORNEYS' FEES

Plaintiff also moves for $6,250.00 in attorney fees for Defendants' bad faith removal of this action. "A district court may, in its discretion, 'require payment of just costs and any actual expenses, including attorney fees, incurred as a result of [improper] removal.'" *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015) (quoting 28 U.S.C. § 1447(c) (alteration in original)). "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 140 (2005). "Absent unusual circumstances," therefore, "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141. To determine whether there was an objectively reasonable basis, courts look to whether the case law "clearly foreclosed" the defendant's basis of removal. *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066 (9th Cir. 2008). "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Id.* at 1065.

Here, it is extremely difficult to make out any objectively reasonable basis for seeking removal. While Defendants' counsel exercised poor judgment, however, he does not appear to have been acting in bad faith. Further, he has apparently been having some recent health problems. (*See*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    JS-6

**CIVIL MINUTES – GENERAL**

Case No.  **2:25-cv-06279-MAA**                                  Date:  **August 21, 2025**

Title    **Salloum Makhamre v. Mountain View Centers, et al.**

Weiser Supp. Decl. ¶ 4.)  In light of these circumstances, and of the fact that this case belongs in state court and should be remanded to state court as quickly as possible with as little additional involvement by this Court as possible, the Court will decline to exercise its discretion to award fees. Plaintiff's Motion for Attorneys' Fees therefore is DENIED.  Defendants' counsel is cautioned, however, to be more careful in verifying that federal subject matter jurisdiction exists before removing any additional cases to federal court.

It is so ordered.